

**Your Missouri Courts**                                        ase.net

Search for Cases by:  [Select Search Method...▼]

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print          GrantedPublicAccess  Logoff TED_PERRYMAN

**2211-CC00404 - ANGELA MANSON ET AL V THOMAS ROBINSON ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

[This case was filed in a Civil court.] *(FV displayed)*

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending    ○ Ascending          Display Options:  [All Entries ▼]

---

**06/01/2022**  ☐ **Corporation Served**
Document ID - 22-SMOS-88; Served To - ROANE TRANSPORTATION SERVICES, LLC; Server - ; Served Date - 24-MAY-22; Served Time - 08:04:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO CORPORATION

☐ **Family Member/Roommate Served**
Document ID - 22-SMOS-87; Served To - ROBINSON, THOMAS; Server - ; Served Date - 23-MAY-22; Served Time - 09:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO BRIANNA TURNER LIVE IN GIRLFRIEND OF PERSON BEING SERVED

☐ **Certificate of Service**
Summons Returned Executed.
   **Filed By:** KENNETH SENIOR POWELL
   **On Behalf Of:** ANGELA MANSON, TERI GREEN

☐ **Certificate of Service**
Summons Returned Executed-THOMAS ROBINSON
   **Filed By:** KENNETH SENIOR POWELL

**05/02/2022**  ☐ **Summons Issued-Circuit**
Document ID: 22-SMOS-88, for ROANE TRANSPORTATION SERVICES, LLC. ALL SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. EPH

☐ **Summons Issued-Circuit**
Document ID: 22-SMOS-87, for ROBINSON, THOMAS.

☐ **Filing Info Sheet eFiling**
   **Filed By:** KENNETH SENIOR POWELL

☐ **Pet Filed in Circuit Ct**
Petition.
   **Filed By:** KENNETH SENIOR POWELL
   **On Behalf Of:** ANGELA MANSON, TERI GREEN

☐ **Judge Assigned**

---

Case.net Version 5.14.52                  Return to Top of Page                  Released 06/08/2022



EXHIBIT
**A**

**2211-CC00404**

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

**MISSOURI CIRCUIT COURT**
**ELEVENTH JUDICIAL CIRCUIT**
**ST. CHARLES COUNTY**

| | |
|---|---|
| **ANGELA MANSON and TERI GREEN,** | |
| **Plaintiffs,** | Cause No.: |
| **v.** | |
| **THOMAS E. ROBINSON** | Division: |
| Serve: Thomas Robinson | **JURY TRIAL DEMANDED** |
| 2000 Berwick Drive #34 | |
| Duncan, SC 29333 | |
| **and** | |
| **ROANE TRANSPORTATION SERVICES, LLC.** | |
| Serve: Roane Transportation Services, LLC. | |
| 284 Cardiff Valley Road | |
| Rockwood, TN 37854 | |
| **Defendants.** | |

**PETITION**

Plaintiffs Angela Manson and Teri Green for their Petition against Defendants Thomas Robinson ("Defendant Robinson"), and Roane Transportation Services, LLC., ("Defendant Roane"), state as follows:

**PARTIES**

1. Plaintiff Angela Manson is and was at all times mentioned herein a resident and citizen of the State of Missouri.

2. Plaintiff Teri Green is and was at all times mentioned herein a resident and citizen of the State of Missouri.

1

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

3.      Plaintiff Angela Manson is and was at all times mentioned herein the lawfully wedded spouse of Plaintiff Teri Green.

4.      Defendant Thomas Robinson is and was at all times mentioned herein a resident and citizen of the State of South Carolina.

5.      Defendant Roane Transportation Services, LLC is and was at all times relevant a duly organized and existing Tennessee corporation, with its principal place of business in Tennessee.

6.      Defendant Robinson was at all times relevant an employee or agent of Defendant Roane and was acting in the scope and course of his employment and/or agency for Defendant Roane on June 8, 2020.

## VENUE

7.      Venue is proper in the Circuit Court for St. Charles County pursuant to MO. REV. STAT. § 508.010 because Plaintiff was first injured in the City of Wentzville.

## FACTUAL ALLEGATIONS

8.      On or about June 8, 2020, Angela Manson was operating her vehicle on Interstate 70 in Wentzville, Missouri.

9.      While travelling eastbound in the middle lane, Angela was suddenly struck on the left side of her vehicle. This impact caused Angela's vehicle to spin around the front of Defendant Robinson's tractor trailer, run off the left side of the roadway, and strike the concrete barrier with the right rear of her vehicle.

10.      Defendant Robinson was travelling eastbound in the far-left lane.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

11.     Defendant Robinson, inattentively and negligently, had attempted to make an unsafe lane change from the far left lane into the middle lane and struck the left side of Angela's vehicle.

12.     Defendant Robinson drove to the right shoulder of the road and came to a final stop.

13.     Angela's vehicle came to a final stop facing southwest, partially on the left shoulder and in the far left lane.

14.     The Freightliner Corporation semi-truck (VIN #3ALXF9001GDHS4362), at all times relevant, was owned, operated, and maintained by Defendant Roane.

15.     Defendant Robinson was operating the vehicle as part of his employment with Defendant Roane.

16.     Defendant Robinson was inattentive and negligent.

17.     The Freightliner Corporation semi-truck violently struck Angela and Teri on their left side.

18.     The impact pushed Angela and Teri into a concrete barrier.

19.     As a result of the collision, Plaintiffs Angela Manson and Teri Green sustained serious personal injuries.

## COUNT I
## NEGLIGENCE
## DEFENDANTS ROBINSON AND ROANE

20.     Plaintiffs incorporate the above allegations as though fully set forth herein.

21.     Defendant Robinson was an employee and an agent for Defendant Roane and Defendant Robinson was acting within the scope and course of his employment and/or agency for Defendant Roane.

22.     Defendant Robinson was operating a vehicle owned by Defendant Roane.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

23.     At all times mentioned herein, Defendants owed a duty to Plaintiffs and others to exercise the highest degree of care in the operation of the motor vehicle.

24.     Defendants breached their duty to Plaintiffs and others in one or more of the following ways:

a.  Defendants negligently and carelessly and carelessly struck the left side of Plaintiff's vehicle;

b.  Defendants negligently and carelessly and carelessly attempted to change lanes;

c.  Defendants negligently and carelessly and carelessly failed to apply the brakes;

d.  Defendants negligently and carelessly and carelessly operated the vehicle in a careless and reckless manner;

e.  Defendants negligently and carelessly and carelessly drove while distracted;

f.  Defendants negligently and carelessly and carelessly drove while texting and/or using other distracting personal messaging systems;

g.  Defendants negligently and carelessly and carelessly failed to keep a careful lookout;

h.  Defendants negligently and carelessly and carelessly failed to attend to the roadway;

i.  Defendants negligently and carelessly and carelessly failed to slacken the speed of the vehicle;

j.  Defendants negligently and carelessly and carelessly failed to bring the vehicle to a stop;

k.  Defendants negligently and carelessly and carelessly failed to swerve or steer the vehicle to avoid a collision;

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

  l. Defendants negligently and carelessly and carelessly failed to take appropriate evasive action;

  m. Defendants failed to comply with applicable state and/or federal regulations regarding the commercial operation of semi-truck units; and

  n. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

25. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff Angela Manson was seriously injured on or about June 8, 2018. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

26. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff Teri Green was seriously and permanently injured on or about June 8, 2018. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

27. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff Angela Manson has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

28. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff Teri Green has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

29.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiffs have sustained and will continue to sustain lost wages, earnings and income.

30.     The conduct of Defendants as described above demonstrated a gross indifference and a willful, wanton, and reckless disregard for the safety of Plaintiffs and others, justifying an award of punitive damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Defendants for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest, for costs incurred herein, for punitive damages, and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT II**
**NEGLIGENCE PER SE**
**DEFENDANTS ROBINSON AND ROANE**

31.     Plaintiffs incorporate the above allegations as though fully set forth herein.

32.     Defendant Robinson was an employee and an agent for Defendant Roane and Defendant Robinson was acting within the scope and course of his employment and/or agency for Defendant Roane.

33.     Defendant Robinson was operating a vehicle owned by Defendant Roane.

34.     At all times mentioned herein, Defendants owed a duty to Plaintiffs and others to exercise the highest degree of care in the operation of the motor vehicle.

35.     The acts and omissions as set forth above constituted violations of the Missouri Revised Statutes regarding the regulation of traffic as set forth with more specificity in Chapter 304 of the Missouri Revised Statutes, including but not limited to: MO. REV. STAT. §§ 304.012, 304.014 and 304.017.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

36.     The acts and omissions as set forth above constituted violations of the Federal Motor Carrier Safety Regulations as set forth in Title 49 of the Code of Federal Regulations, including but not limited to: 49 C.F.R. §§ 383.111, 383.113 and 396.7.

37.     The acts and omissions as set forth above constituted violations of the general ordinances of the City of St. Louis, Title 17 – Vehicles and Traffic, including but not limited to Chapters 17.10.020, 17.16.140 and 17.16.150.

38.     The statutes, codes, and regulations, including the above provisions, are designed to protect Plaintiffs and members of the public generally from the hazards that arise from the operation of motor vehicles.

39.     Plaintiffs are within the class of persons protected by the provisions enumerated above and all were designed to prevent the injuries Plaintiffs sustained.

40.     As a direct and proximate result of Defendants' negligent and reckless violation of the statutes mentioned above, Plaintiff Angela Manson was seriously and permanently injured on or about June 8, 2020. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

41.     As a direct and proximate result of Defendants' negligent and reckless violation of the statutes mentioned above, Plaintiff Teri Green was seriously and permanently injured on or about June 8, 2020. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

42.     As a direct and proximate result of Defendants' negligent and reckless violation of the statutes mentioned above, Plaintiff Angela Manson has been caused to undergo reasonable

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

43.     As a direct and proximate result of Defendants' negligent and reckless violation of the statutes mentioned above, Plaintiff Teri Green has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

44.     As a direct and proximate result of Defendants' negligent and reckless violation of the statutes mentioned above, Plaintiffs have sustained and will continue to sustain lost wages, earnings and income.

45.     The conduct of Defendants as described above demonstrated a gross indifference and a willful, wanton, and reckless disregard for the safety of Plaintiffs and others, justifying an award of punitive damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Defendants for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest, for costs incurred herein, for punitive damages and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT III**
**NEGLIGENCE**
**DEFENDANT ROANE**

46.     Plaintiffs incorporate the above allegations as though fully set forth herein.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

47.     Defendant Robinson was an employee and an agent for Defendant Roane and Defendant Robinson was acting within the scope and course of his employment and/or agency for Defendant Roane.

48.     Defendant Robinson was operating a vehicle owned by Defendant Roane.

49.     The above-mentioned collision occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant Roane in the following respects:

a.  Defendant Roane negligently and carelessly allowed Defendant Robinson to operate motor vehicles on public roadways when it knew or should have known he was unfit to do so;

b.   Defendant Roane negligently and carelessly qualified Defendant Robinson to operate motor vehicles on public roadways;

c.  Defendant Roane negligently and carelessly hired Defendant Robinson;

d.  Defendant Roane negligently and carelessly retained Defendant Robinson;

e.  Defendant Roane negligently and carelessly supervised Defendant Robinson;

f.  Defendant Roane negligently and carelessly and trained Defendant Robinson; and

g.  Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

50.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Angela Manson was seriously and permanently injured on or about June 8, 2020. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

51.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Teri Green was seriously and permanently injured on or about June 8, 2020. She has

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

52.    As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Angela Manson has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

53.    As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Teri Green has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

54.    As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiffs have sustained and will continue to sustain lost wages, earnings and income.

55.    The conduct of Defendant as described above demonstrated a gross indifference and a willful, wanton, and reckless disregard for the safety of Plaintiffs and others, justifying an award of punitive damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Defendant for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest, for costs incurred herein, for punitive damages, and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT IV**
**NEGLIGENCE**
**DEFENDANT ROBINSON**

56.    Plaintiffs incorporate the above allegations as though fully set forth herein.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

57.     At all times mentioned herein, Defendant Robinson owed a duty to Plaintiffs and others to exercise the highest degree of care in the operation of her motor vehicle.

58.     Defendant negligently and carelessly breached his duty owed to Plaintiffs in one or more of the following ways:

a.  Defendant negligently and carelessly made an improper lane change;

b.  Defendant negligently and carelessly operated his vehicle in a careless and reckless manner;

c.  Defendant negligently and carelessly operated his vehicle at an excessive rate of speed under the circumstances then and there existing;

d.  Defendant negligently and carelessly failed to keep a proper lookout when changing lanes;

e.  Defendant negligently and carelessly failed to slacken the speed of his vehicle;

f.  Defendant drove while distracted;

g.  Defendant negligently and carelessly failed to keep a careful lookout;

h.  Defendant drove while texting and/or using other distracting personal messaging systems;

i.  Defendant negligently and carelessly failed to attend to the roadway;

j.  Defendant negligently and carelessly failed to swerve or steer his vehicle to avoid a collision;

k.  Defendant negligently and carelessly failed to take appropriate evasive action; and

l.  Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

59.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Angela Manson was seriously and permanently injured on or about June 8, 2020. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

60.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Teri Green was seriously and permanently injured on or about June 8, 2020. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

61.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Angela Manson has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

62.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Teri Green has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

63.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiffs have sustained and will continue to sustain lost wages, earnings and income.

64.     The conduct of Defendant as described above demonstrated a gross indifference and a willful, wanton, and reckless disregard for the safety of Plaintiffs and others, justifying an award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct in the future.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

WHEREFORE, Plaintiffs pray for judgment against Defendant for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest, for costs incurred herein, for punitive damages, and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT V**
**NEGLIGENCE PER SE**
**DEFENDANT ROBINSON**

65.     Plaintiffs incorporate the above allegations as though fully set forth herein.

66.     At all times mentioned herein, Defendant owed a duty to Plaintiffs and others to exercise the highest degree of care in the operation of his motor vehicle.

67.     The acts and omissions as set forth above constituted violations of the Missouri Revised Statutes regarding the regulation of traffic as set forth with more specificity in Chapter 304 of the Missouri Revised Statutes, including but not limited to: MO. REV. STAT. §§ 304.011, 304.012 and 304.014.

68.     The acts and omissions as set forth above constituted violations of the general ordinances of the City of St. Louis, Title 17 – Vehicles and Traffic, including but not limited to Chapters 17.10.020, 17.16.140 and 17.16.150.

69.     The statutes, codes, and regulations, including the above provisions, are designed to protect Plaintiffs and members of the public generally from the hazards that arise from the operation of motor vehicles.

70.     Plaintiffs are within the class of persons protected by the provisions enumerated above and all were designed to prevent the injuries Plaintiffs sustained.

71.     As a direct and proximate result of Defendant's negligent and reckless violation of the statutes mentioned above, Plaintiff Angela Manson was seriously and permanently injured on

or about June 8, 2020. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

72.     As a direct and proximate result of Defendant's negligent and reckless violation of the statutes mentioned above, Plaintiff Teri Green was seriously and permanently injured on or about June 8, 2020. She has undergone medical and diagnostic care and treatment, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

73.     As a direct and proximate result of Defendant's negligent and reckless violation of the statutes mentioned above, Plaintiff Angela Manson has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

74.     As a direct and proximate result of Defendant's negligent and reckless violation of the statutes mentioned above, Plaintiff Teri Green has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith.

75.     As a direct and proximate result of Defendant's negligent and reckless violation of the statutes mentioned above, Plaintiffs have sustained and will continue to sustain lost wages, earnings and income.

76.     The conduct of Defendant as described above demonstrated a gross indifference and a willful, wanton, and reckless disregard for the safety of Plaintiffs and others, justifying an

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Defendant for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest, for costs incurred herein, for punitive damages and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**LOSS OF CONSORTIUM**
**ALL DEFENDANTS**

77.     Plaintiffs incorporate the above allegations as though fully set forth herein.

78.     At all times relevant to this cause of action, Plaintiff Angela Manson is and was the lawfully wedded spouse of Plaintiff Teri Green.

79.     At all times relevant to this cause of action, Plaintiff Teri Green is and was the lawfully wedded spouse of Plaintiff Angela Manson.

80.     As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, as described above, Plaintiff Angela Manson sustained the loss of services, society, companionship, assistance with household chores, care, love, comfort, affection, consortium of her wife, and expenses for necessary medical care, treatment, and services received by her wife. Plaintiff Angela Manson will continue to sustain such losses in the future.

81.     As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, as described above, Plaintiff Teri Green sustained the loss of services, society, companionship, assistance with household chores, care, love, comfort, affection, consortium of her wife, and expenses for necessary medical care, treatment, and services received by her wife. Plaintiff Teri Green will continue to sustain such losses in the future.

Electronically Filed - St Charles Circuit Div - May 02, 2022 - 02:21 PM

82.     The conduct of Defendants as described above demonstrated a gross indifference and a willful, wanton, and reckless disregard for the safety of Plaintiffs and others, justifying an award of punitive damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Defendants for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest, for costs incurred herein, for punitive damages and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

**THE POWELL LAW FIRM**

By: */s/ Kenneth S. Powell*
    Kenneth S. Powell #69285
    7750 Clayton Road, Suite 102
    Saint Louis, Missouri 63117
    (314) 293-3777
    (314) 786-0777 (FAX)
    kenny@hurtordirt.com

**Attorney for Plaintiffs**



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>W. CHRISTOPHER MCDONOUGH | Case Number:  2211-CC00404 |
| Plaintiff/Petitioner:<br>ANGELA MANSON | Plaintiff's/Petitioner's Attorney/Address:<br>KENNETH SENIOR POWELL<br>7750 CLAYTON ROAD<br>STE 102<br>vs.          SAINT LOUIS, MO  63117 |
| Defendant/Respondent:<br>THOMAS ROBINSON | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

| | |
|---|---|
| The State of Missouri to:  THOMAS ROBINSON<br> **2000 BERWICK DRIVE**<br>**#34**<br>**DUNCAN, SC  29333** | Alias: |

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____5/2/2022_____          _____/S/  Cheryl Crowder_____
                    Date                                                  Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐  delivering a copy of the summons and petition to the defendant/respondent.
   ☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent
       with _____, a person at least 18 years of age residing therein.
   ☐  (for service on a corporation) delivering a copy of the summons and petition to
       _____ (name) _____ (title).
   ☐  other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                                Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐  the clerk of the court of which affiant is an officer.
                   ☐  the judge of the court of which affiant is an officer.
*(Seal)*           ☐  authorized to administer oaths in the state in which the affiant served the above
                       summons. (use for out-of-state officer)
                   ☐  authorized to administer oaths. (use for court-appointed server)

_____
                            Signature and Title

**Service Fees**
Summons      $_____
Non Est      $_____
Mileage      $_____ (_____miles @ $ _____ per mile)
**Total**    $_____

                    See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.





## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>W. CHRISTOPHER MCDONOUGH | Case Number:  2211-CC00404 |
| Plaintiff/Petitioner:<br>ANGELA MANSON | Plaintiff's/Petitioner's Attorney/Address:<br>KENNETH SENIOR POWELL<br>7750 CLAYTON ROAD<br>STE 102<br>SAINT LOUIS, MO  63117 |
| vs. | |
| Defendant/Respondent:<br>THOMAS ROBINSON | Court Address:<br>300 N 2nd STREET |
| Nature of Suit:<br>CC Pers Injury-Vehicular | SAINT CHARLES, MO  63301 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:   ROANE TRANSPORTATION SERVICES, LLC**
 **Alias:**

**284 CARDIFF VALLEY ROAD**
**ROCKWOOD, TN  37854**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____5/2/2022_____          _____/S/  Cheryl Crowder_____
            Date                                                                Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
      Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
                            ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                            ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
          Signature and Title

| | |
|---|---|
| **Service Fees** | |
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



Electronically Filed - St Charles Circuit Div - June 01, 2022 - 03:52 PM

PROCESS NO.: _____ 10446
PROCESS OFFICER(S): _____ DB

**IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>W. CHRISTOPHER MCDONOUGH | **Case Number: 2211-CC00404** |
| Plaintiff/Petitioner:<br>ANGELA MANSON | Plaintiff's/Petitioner's Attorney/Address:<br>KENNETH SENIOR POWELL<br>7750 CLAYTON ROAD<br>STE 102 |
| vs. | SAINT LOUIS, MO  63117 |
| Defendant/Respondent:<br>THOMAS ROBINSON | Court Address:<br>300 N 2nd STREET |
| Nature of Suit:<br>CC Pers Injury-Vehicular | SAINT CHARLES, MO  63301 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **THOMAS ROBINSON**
Alias:

_Current Address: 281 Dobson Rd._
_Duncan, S.C. 29334_

2000 BERWICK DRIVE
#34      → *BAD ADDRESS*
DUNCAN, SC 29333

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**ST. CHARLES COUNTY**

_____5/2/2022_____          /S/ Cheryl Crowder_____
Date                                 Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above Summons by: (check one)
    ☐ delivering a copy of the summons and petition to the defendant/respondent.
    ☑ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _BRIANNA Turner_, a person at least 18 years of age residing therein. _Live in - girlfriend_
    ☐ (for service on a corporation) delivering a copy of the summons and petition to
    _____ (name) _____ (title).
    ☐ other: _____

Served at _281 Dobson Rd. Duncan_ _____ (address)
in _Spartanburg_ County, _S.C._ (state), on _05-23-22_ (date) at _0900 hrs_ (time).

_DeAnna Burgess_                    _Deanna Burgess_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and sworn to before me this _23_ (day) _May_ (month) _2022_ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer
                          ☐ the judge of the court of which affiant is an officer
                          ☑ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                          ☐ authorized to administer oaths. (use for court-appointed server)

Alicia D. Piggins
Notary Public, State of South Carolina
My Commission Expires April 14, 2030

_Alicia D. Piggins - Admin. Assistant_
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - St Charles Circuit Div - June 01, 2022 - 03:52 PM

① 5-19-22 0832 - checked address, no response. Left Notification breezway door.

② 5-19-22 0940 - stopped at office. Spoke with complex rep. She said he hasn't lived at the complex since, "at least" 11/2021.



**IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI**

MAY 1 7 2022

Electronically Filed - St Charles Circuit Div - June 01, 2022 - 03:52 PM

| | |
|---|---|
| Judge or Division:<br>W. CHRISTOPHER MCDONOUGH | Case Number: 2211-CC00404 |
| Plaintiff/Petitioner:<br>ANGELA MANSON<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>KENNETH SENIOR POWELL<br>7750 CLAYTON ROAD<br>STE 102<br>SAINT LOUIS, MO 63117 |
| Defendant/Respondent:<br>THOMAS ROBINSON | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: ROANE TRANSPORTATION SERVICES, LLC
284 CARDIFF VALLEY ROAD    Alias: RCSO
ROCKWOOD, TN 37854

*COURT SEAL OF*

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____5/2/2022_____          _____/S/ Cheryl Crowder_____
Date                                          Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is Deputy Sheriff of Roane County, Tenn (state).
3. I have served the above Summons by: (check one)
   - [✓] delivering a copy of the summons and petition to the defendant/respondent.
   - [ ] leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - [ ] (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - [ ] other:

Served at 284 CARDIFF Valley RD ROANE TRANSPORTATION SERVICES LLC (Rockwood TN 37854) (address)
in ROANE County, TENN (state), on MAY 2 (date) at 2020 8:04 PM (time).

DIS Stephen A. Bryant        X Stephen E. Bryant RCSO
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

**See the following page for directions to officer making return on service of summons.**